Q2K4AUSP

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

UNITED STATES OF AMERICA,

      v.                          25 Cr. 597 (SN)

BRYAN AUSTERMANN,

                                     Plea
          Defendant.

-------------------------------x

                                   New York, N.Y.
                                   February 20, 2026
                                   10:15 a.m.

Before:

                    HON. SARAH NETBURN,

                                U.S. Magistrate Judge

                      APPEARANCES

JAY CLAYTON
     United States Attorney for the
     Southern District of New York
KATHERINE CHENG
     Assistant United States Attorney

CHAD SIEGEL
     Attorney for Defendant

Q2K4AUSP

(Case called)

MS. CHENG:  Good morning, your Honor.  Katherine Cheng on behalf of the government.

THE COURT:  Good morning.

MR. SIEGEL:  Good morning, your Honor.  For Bryan Austermann, Chad Siegel.

THE COURT:  Good morning, and good morning Mr. Austermann.  My name is Judge Netburn.

THE DEFENDANT:  Good morning.

THE COURT:  Let me just confirm that Mr. Austermann has been arraigned on the information already?

MS. CHENG:  Yes, that's correct.

THE COURT:  He has already waived indictment?

MS. CHENG:  Yes.

THE COURT:  All right.

All right.  Sir, I have before me a consent to proceed before a United States magistrate judge on the felony plea allocution that you have signed.  What this form says is that knowing you have the right to have this plea taken by a United States district judge, you are agreeing instead to have this plea taken by me, a United States magistrate judge; is that correct?

THE DEFENDANT:  Yes, your Honor, that's correct.

THE COURT:  And before you signed it, did your lawyer explain it to you?

Q2K4AUSP

THE DEFENDANT:  Yes.

THE COURT:  Thank you.  It is accepted.  If you want to just move the microphone.  You are going to be speaking a lot.  Make yourself comfortable.

THE DEFENDANT:  Thank you.

THE COURT:  You have been charged with a two-count information.  I've been advised that you wish to change your plea and enter a plea of guilty as to Count Two of that information.  Count Two charges you with the knowing possession of child pornography in violation of Title 18 United States Code, Section 2252(a), Subsection (a)(5)(B) and (b)(2); is that correct?

THE DEFENDANT:  Yes, that's correct.

THE COURT:  Before deciding whether to accept your guilty plea, I'm going to ask you certain questions.  It's very important that you answer these questions honestly and completely.  The purpose of these proceedings is to make sure that you understand your rights to decide whether you are pleading guilty of your own free will and to make sure that you are pleading guilty because you are guilty and not for some other reason.

Do you understand what I'm saying?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If at any point in time you don't understand my question or you want an opportunity to speak to

Q2K4AUSP

your lawyer, please say so because it's important that you understand every question before you answer.  Will you do that?

THE DEFENDANT:  Yes, your Honor.

(Defendant sworn)

THE DEPUTY CLERK:  You may have a seat.

THE COURT:  Do you understand that you are now under oath, and if you answer any of my questions falsely, you can be charged with perjury?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Sir, are you a United States citizen?

THE DEFENDANT:  Yes, I am.

THE COURT:  The reason why I ask if you are a United States citizen is because if you are not a citizen, your conviction may have consequences for your ability to remain in the United States.

Sir, can I ask how old you are?

THE DEFENDANT:  I'm 34 years old.

THE COURT:  How far did you go in school?

THE DEFENDANT:  Bachelor's degree from NYU.

THE COURT:  I assume you can read and understand English?

THE DEFENDANT:  Yes, I can.

THE COURT:  Are you currently or have you recently been under the care of a doctor or a psychiatrist for any reason?

Q2K4AUSP

THE DEFENDANT:  No, not under the care of.  I've been attending therapy sessions but not under the care of.

THE COURT:  Without prying too deeply, is the reason that you are engaged in therapy, does that have any effect on your ability to understand what's going on in these proceedings?

THE DEFENDANT:  No, it does not.

THE COURT:  Have you taken any medication in connection with that therapy?

THE DEFENDANT:  No, I have not.

THE COURT:  Have you taken any drugs, medicine, or pills in the last 24 hours?

THE DEFENDANT:  No, I have not.

THE COURT:  What about alcohol?  Have you consumed any alcohol in the last 24 hours?

THE DEFENDANT:  No, I have not.

THE COURT:  Is your mind clear today?

THE DEFENDANT:  Yes, it is.

THE COURT:  Do you understand what's going on in these proceedings?

THE DEFENDANT:  Yes, I do.

THE COURT:  Does the government have any objection to defendant's competence to enter a guilty plea at this time?

MS. CHENG:  No, your Honor.

THE COURT:  And does defense counsel have any

Q2K4AUSP

objection?

MR. SIEGEL:  No, your Honor.

THE COURT:  Sir, have you received a copy of the written version of the charges against you in this case known as the information?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you read it?

THE DEFENDANT:  Yes, I have.

THE COURT:  Do you understand what it says?

THE DEFENDANT:  I do, yes.

THE COURT:  You have the right to have me read it to you in open court if you would like, or you can waive that right.

THE DEFENDANT:  I'll waive it.  Thank you.

THE COURT:  As we discussed, you are charged in a two-count information.  Count Two specifically charges you with possession of child pornography.  Do you understand that?

THE DEFENDANT:  Yes, I do your Honor.

THE COURT:  Have you had time to talk with your attorney about these charges and about how you wish to plead?

THE DEFENDANT:  Yes, I have, your Honor.

THE COURT:  Has he told you the consequence of pleading guilty?

THE DEFENDANT:  Yes, he has.

THE COURT:  Are you satisfied with your attorney's

Q2K4AUSP

representation of you?

THE DEFENDANT:  Yes, I am.

THE COURT:  Mr. Austermann, I'm now going to explain certain Constitutional rights that you have.  These are rights that you will be giving up if you enter a guilty plea.  Please listen carefully to what I'm about to say.  And if you don't understand something, please stop me and your attorney or I will explain the matter more fully.  Okay?

THE DEFENDANT:  Okay.  Thank you.

THE COURT:  Under the Constitution and the laws of the United States, you have the right to plead not guilty to the charges contained in this information.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If you plead not guilty, you would be entitled under the Constitution to a speedy and public trial by a jury of those charges.  At that trial you would be presumed innocent, and the government would be required to prove you guilty beyond a reasonable doubt before you could be found guilty.  This means that you would not have to prove that you were innocent.  And you would not be convicted unless a jury of 12 people agree unanimously that you are guilty beyond a reasonable doubt.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

Q2K4AUSP

THE COURT:  If you decided to go to trial, at that trial and at every stage of your case, you would have the right to be represented by an attorney.  If you could not afford an attorney, one would be appointed to represent you at the government's expense and at no cost to you.  If you retain counsel and ran out of money, an attorney would be appointed to continue to represent you.  When an attorney is appointed, that attorney is appointed to handle your case all the way through trial and not just for a guilty plea.  So your decision to plead guilty here today should not depend on whether you can afford to hire an attorney.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  During a trial witnesses for the prosecution would have to come to court and testify in your presence where you could see and hear them and your lawyer could cross-examine those witnesses.  And if you wanted, your lawyer could offer evidence on your behalf.  You would be able to use the Court's power to compel witnesses to come to court to testify in your defense, even if they did not want to come.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  At a trial you would have the right to testify in your own defense if you wanted to.  But you would also have the right not to testify.  And if you chose not to

Q2K4AUSP

testify, that could not be used against you in any way.  No inference or suggestion of guilt could be made from the fact that you did not testify.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  If you were convicted at trial, you would have the right to appeal that verdict to a higher court.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And as I said before, you have the right to plead not guilty.  Even right now, even as you sit here today for the purposes of entering a guilty plea, you have the right to change your mind, persist in your not guilty plea and proceed to trial.

But if you do plead guilty and I accept your plea, there will be no trial.  All that will remain to be done will be to impose a sentence.  You and the government will have a chance to make arguments about what that sentence should be, but there will not be any further trial to determine whether you are guilty or not guilty of the charge to which you pled guilty.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that the decision as to the appropriate sentence in your case will be entirely up to

Q2K4AUSP

the sentencing judge.  And that judge will be limited only by what the law requires.  This means that even if you are surprised or disappointed by your sentence, you will still be bound by your guilty plea.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Finally, if you do plead guilty, you will give up your right not to incriminate yourself.  And I will ask you questions about what you did in order to satisfy myself that you are actually guilty.  By pleading guilty you are admitting to your factual as well as your legal guilt.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  You said earlier that you read the information, you understand the charges against you, including Count Two.  If this case were to proceed to trial, the government would be required to prove each of the elements of the charge against you beyond a reasonable doubt.

So I'm now going to ask the Assistant United States Attorney to state the elements of the charge of possession of child pornography.

MS. CHENG:  Yes, your Honor.

With respect to Count Two, the government would be required to prove beyond a reasonable doubt the following four elements:  First, that the defendant knowingly possessed a

Q2K4AUSP

video or other material that contained an image of child pornography. Second, that the defendant knew that the video or the other material contained child pornography. Third, that the image of child pornography was transported using any means or a facility of interstate or foreign commerce, including a computer or the image of child pornography affected interstate commerce by any means. And lastly, here that the image of child pornography involved a minor who had not yet reached the age of puberty or was less than 12 years old.

In addition, the government must prove venue by a preponderance of the evidence.

THE COURT: Thank you.

Sir, I'm going to tell you about the maximum possible penalties for this crime. The maximum means the most that could possibly be imposed. It does not necessarily mean this is what you will receive. But you have to understand that by pleading guilty here today, you are exposing yourself to the possibility of receiving any combination of punishments up to the maximum that I'm about to describe.

Do you understand that?

THE DEFENDANT: Yes, your Honor.

THE COURT: First, I'm going to tell you about the possible restrictions on your liberty. In this case with respect to Count Two there is a maximum term of imprisonment of 20 years. And there is a maximum term of supervised release of

Q2K4AUSP

life and a mandatory minimum term of supervised release of five years.

Supervised release means that if you are sentenced to prison and thereafter released from prison, you may be subject to supervision by the probation department.  Let me warn you that if you are placed on supervised release and then you violate any of the terms and conditions of that release, the Court can revoke your term of supervised release and return you to prison without giving you credit for any of the time you spent out on supervised release.

Do you understand all of that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Second, in addition to these restrictions on your liberty, the maximum possible punishment also includes certain financial penalties.  In this case the maximum allowable fine is the greatest of $250,000 or twice what was made by the criminal activity or twice what was lost by someone other than yourself because of the criminal activity.

In addition, there is a mandatory special assessment of $100 that must be imposed, as well as an additional assessment of up to $17,000, pursuant to Title 18 of the United States Code, Section 2259(a).

Do you understand all of that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Sir, has anybody threatened you or coerced

Q2K4AUSP

you in any way to get you to plead guilty?

THE DEFENDANT:  No, your Honor.

THE COURT:  Has anyone other than the prosecution and solely by way of this plea agreement, promised you or offered you anything to get you to plead guilty?

THE DEFENDANT:  No, your Honor.

THE COURT:  As I just referenced, there is an agreement between you and the government concerning this plea; is that correct?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Have you read that plea agreement?

THE DEFENDANT:  Yes, I have.

THE COURT:  And did you sign it?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And did you have a chance to speak with your lawyer about the terms?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And do you understand the terms of the agreement?

THE DEFENDANT:  Yes, I do.

THE COURT:  And did you read it and speak to your lawyer and discuss the agreement before you signed it?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Okay.  I want to go over some of the critical terms of that agreement.  First, it appears that you

Q2K4AUSP

and the government have agreed as to the appropriate calculation for your sentence under the sentencing guidelines. And you have stipulated to a guidelines range of 135 to 168 months' imprisonment.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In addition you have stipulated to a fine range of between $35,000 and $350,000.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In this agreement, neither you nor the government may seek a departure or an adjustment pursuant to the guidelines that's not otherwise set forth in this agreement.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  However, either party may seek a sentence that is outside of the stipulated guidelines range based on the factors that are set forth in our sentencing statute, which you can find at Title 18 of the United States Code, Section 3553(a).

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In this agreement, you have admitted to the forfeiture allegation with respect to Count Two of the

Q2K4AUSP

information, and you've agreed to forfeit to the United States certain specific property.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And that property is identified on page 2 of your plea agreement.  It's five different computer devices.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And you've agreed that you won't file any claim or petition to have that specific property returned to you, and, in fact, will take all steps to have title of that property cleared to the United States.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And you have agreed that the entry of the consent order of forfeiture, which is attached to the plea agreement, will be final once it is ordered by the Court; is that correct?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And you also agreed to make restitution in an amount that is ordered by the Court.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And that restitution will be made a condition of your probation.

Q2K4AUSP

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In this agreement you have limited, in certain respects, to your ability to appeal from your sentence or conviction.  Specifically, you agreed that you will not file a direct appeal or bring a challenge, sometimes called a "habeas motion," to your conviction.  And that you will have specifically waived your right to challenge the conviction based on certain arguments, including any non-jurisdictional defects in the proceedings before your entry of a guilty plea, any claim that the statutes to which you are pleading guilty are unconstitutional, any claim that the admitted conduct does not fall within the scope of the statute.

Do you understand all of that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In addition, you've agreed that you will not file an appeal or otherwise challenge any sentence that is within or below the stipulated guidelines range of 135 to 168 months' imprisonment and any fine range that is less than or equal to $350,000.

Do you understand all of that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In addition, you agreed that you will not bring any appeal or challenge to any term of supervised release that is less than or equal to the statutory maximum of life.

Q2K4AUSP

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And you've agreed that you will not file any appeal or bring any challenge, both to the special assessment of $100, as well as to any additional assessment that is less than or equal to $17,000.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  One of the most important things for you to understand is that this plea agreement is not binding on the sentencing judge.  And that the sentencing judge can reject the recommendations and calculations that are set forth in this agreement and could impose a more severe sentence, and you would not be allowed to withdraw your guilty plea.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  The sentencing judge is required to make his own independent calculation under the sentencing guidelines and then impose a sentence based on what he believes is the appropriate sentence for you, even if it is different than the one set forth in this agreement.

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  In determining that sentence the Court will consider in addition to the guidelines and any departures

Q2K4AUSP

from those guidelines, all of the factors that are set forth in the sentencing statute, which I mentioned a moment ago. Again, you can find that at Title 18 of the United States Code, Section 3553(a). Those factors include the nature and circumstances of the offense and the history and characteristics of you, the defendant, the need for the sentence imposed, the kinds of sentences that are available, the sentencing range provided under the guidelines, the need to avoid sentencing disparities, and the need to provide restitution to victims.

In addition, the Court will consider the presentence report, which is prepared by the probation department in advance of your sentencing. Before you are sentenced, you and the government will have an opportunity to challenge the facts that are reported by the probation department.

Mr. Austermann, now that you have been advised of the charges against you, the possible penalties that you face, and the rights that you are giving up, is it still your intention to plead guilty to Count Two in the information?

THE DEFENDANT: Yes, your Honor.

THE COURT: So with respect to Count Two of the information, how do you plead?

THE DEFENDANT: I plead guilty.

THE COURT: Can you tell me in your own words what you did that makes you believe you are guilty from this charge.

Q2K4AUSP

THE DEFENDANT:  From at least approximately January 2023 to approximately October 2023 while in my residence within Manhattan, New York, I knowingly possessed and intentionally viewed sexually explicit images of minors less than 12 years old on my cell phone and laptop which had been digitally transferred to me from electronic devices.

THE COURT:  Does the government believe that is a sufficient allocution for the guilty plea?

MS. CHENG:  Yes, your Honor.

THE COURT:  Any other questions you would like me to ask the defendant?

MS. CHENG:  No, thank you.

THE COURT:  Would you proffer the evidence if the case were to proceed to trial?

MS. CHENG:  Certainly.

Were this case to proceed to trial, the government's evidence would include among the following:  Contents of the defendant's laptop, hard drive, iPhone iPad, and iPod, all of which contain over 1,000 child pornography images and videos, as well as chat messages in which the defendant discussed or exchanged child pornography with at least one dozen other individuals, including an undercover officer and this child pornography included numerous files depicting sexual abuse of babies and toddlers.  In addition, the government's evidence would include the defendant's own statements to law enforcement

Q2K4AUSP

in connection with the search of his residence.

THE COURT:  Thank you.

Sir, on the basis of your responses to my questions and my observation of your demeanor, I find that you are competent to enter a guilty plea.  I am satisfied that you understand your rights, including your right to go to trial, that you are aware of the consequences of your plea, including the sentence that may be imposed, that you are voluntarily pleading guilty and that you admitted that you are guilty as charged in Count Two of the information.

For these reasons I will recommend to District Judge Marrero that he accept your plea of guilty as to Count Two of the information.

I direct the government to order a copy of the transcript and submit it to Judge Marrero so he may act on my recommendation.

Do you want me to set a 90-day control date to check in on the case, or is that not necessary?

MS. CHENG:  I don't think that's necessary.

One thing I wanted to raise is if the Court could advise the defendant that with his plea, he will be subject to the Sex Offender Notification Registration Act.

THE COURT:  Sir, do you understand that by pleading guilty, you will be required to register on the Sex Offender Registration Act?

Q2K4AUSP

THE DEFENDANT:  Yes, your Honor.

THE COURT:  I should have asked this before your guilty plea.  Do you still stand by your guilty plea?

THE DEFENDANT:  I do.  Yes, your Honor.

MR. SIEGEL:  And just for the record, I discussed that extensively with Mr. Austermann.

THE COURT:  So he is fully aware?

MR. SIEGEL:  He is, your Honor.

THE COURT:  Thank you.

Anything further from the government then?

MS. CHENG:  No, your Honor.

THE COURT:  I have the letter that was submitted to Judge Marrero, I assume he's acted on that?

MS. CHENG:  Yes.

THE COURT:  Anything further from the defense?

MR. SIEGEL:  No, your Honor.  Thank you.

THE COURT:  Sir, you continue to be under the same conditions under which you were released up until now.  A violation of those conditions can have serious consequences, including revocation of bail and prosecution for bail jumping.

In addition, if you commit a crime while you are released, you may face a more severe punishment than you would otherwise receive for committing the exact same crime.  Of course, if you violate the terms of your release in any way, you may be subject to revocation of the government's plea

Q2K4AUSP

agreement as is set forth in the plea agreement.

Do you understand all of that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Thank you.  We are adjourned.

(Adjourned)